T.C. Memo. 2003-153

UNITED STATES TAX COURT

SILVIA S. RODRIGUEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9686-00L.              Filed May 27, 2003.

Silvia S. Rodriguez, pro se.

<u>Nancy C. Carver</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  On August 11, 2000, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the lien or levy determination), in which respondent determined to proceed with collection of deficiencies in petitioner's income tax, additions

to tax, and interest for 1988-89.  Petitioner did not file tax returns for tax years 1988-2000.

The issues for decision are:

1.  Whether respondent was time barred from collecting taxes due for 1988-89.  We hold that respondent is not.

2.  Whether respondent's refusal to consider petitioner's offer in compromise because petitioner had not filed all required tax returns was an abuse of discretion.  We hold that it was not.

Section references are to the Internal Revenue Code in effect for the applicable years.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.  <u>Petitioner</u>

Petitioner is a self-employed real estate broker who lived in Gaithersburg, Maryland, when she filed the petition.  She has been a real estate broker from before 1990 to the time of trial.  She owned a business known as Sylvia International Realty.  She had not filed income tax returns for tax years 1988 through 2000 as of the time of trial.

B.  <u>Respondent's Notice of Deficiency and Collection Activity Relating to Petitioner's 1988-89 Tax Years</u>

Respondent issued a notice of deficiency to petitioner for tax years 1988-89, and petitioner timely filed a petition in this Court.  Sheryl Fast (Fast), a paralegal for respondent, worked with petitioner in settling that case.  In October and November

1996, petitioner signed stipulated decisions in which she agreed that she had deficiencies in income tax of $1,113 for 1988 and $3,426 for 1989 and was liable for additions to tax of $272.30 for 1988 and $1,086.50 for 1989 for failure to file a return under section 6651(a) and failure to pay estimated tax under section 6654. Petitioner also agreed that respondent could assess and collect the deficiencies, additions to tax, and interest. Respondent assessed petitioner's tax for 1988-89 on March 31, 1997.

C.  Petitioner's Offer In Compromise

Petitioner contacted Fast because petitioner received a notice (not otherwise described in the record) from respondent stating that she owed taxes for 1988-89. Fast told petitioner how to submit an offer in compromise, and that respondent would not consider her offer in compromise unless petitioner had filed all required tax returns. Fast checked respondent's computer records and discovered that respondent had no record of petitioner's having filed returns for 1991-95. Fast told petitioner that respondent would not collect taxes owed by petitioner for 1988-89 until March 20, 1998, to give petitioner time to submit an offer in compromise.

At a time not stated in the record, a friend of petitioner's delivered copies of what appeared to be two or three of petitioner's returns to Fast. Those copies did not have original

signatures.  On February 2, 1998, petitioner gave Fast a copy of what appeared to be her 1996 return, dated August 11, 1997.  It did not have an original signature.

On February 17, 1998, petitioner submitted a Form 656, Offer in Compromise, to Fast.  In it, petitioner offered to pay $1,500 of the taxes she owed for 1988-89.  In a letter dated March 16, 1998, Fast told petitioner that she had received a copy of petitioner's 1991 return that did not have an original signature.  Fast also told petitioner that respondent would not consider the offer in compromise because respondent had no record that petitioner had filed original tax returns for 1991-95.  Fast also told petitioner that respondent would begin to collect tax from her on March 20, 1998, and that petitioner must file returns for 1991-95 before respondent would process her offer in compromise.

In April 1998, petitioner gave Fast what appeared to be copies of her tax returns for 1992, dated August 5, 1993, and for 1993, dated August 1, 1994.  Those copies did not bear original signatures.

Petitioner had not filed original returns for 1988-2000 as of the time of trial, and had given Fast copies of what appeared to be petitioner's returns for only 4 of those 11 years.

D.  <u>Notice of Intent To Levy and Section 6330 Hearing</u>

On October 25, 1999, respondent issued to petitioner a Notice of Intent To Levy and Notice of Your Right to a Hearing

relating to petitioner's 1988-89 tax years.  On November 16, 1999, petitioner filed a Request for a Collection Due Process Hearing, Form 12153, related to her 1989 tax year in which she stated that she wanted respondent to consider her offer in compromise for that year.  In her request for a hearing, she said that she had health and financial difficulties.

Respondent's Appeals officer, J. Chris Neighbor (Neighbor), reviewed petitioner's request for a hearing and her offer in compromise.  On February 18, 2000, Neighbor told petitioner by letter that respondent would not consider her offer in compromise because she had not filed returns for 1991-98.  Neighbor scheduled a hearing for March 14, 2000, to review petitioner's tax liabilities for 1988-89[1] and asked her to let him know within 10 days if she preferred a different date.  He also asked petitioner to give him the following items:  (1) A financial statement for petitioner and her business; (2) signed income tax returns for 1991-98; (3) petitioner's most recent mortgage statement showing the remaining balance and the amount of the monthly payment; and (4) information about Silvia International Realty, such as whether it produces income and has employees. Neighbor sent blank financial statement forms for petitioner to complete.

---

[1]  Respondent apparently assumed petitioner requested a hearing under sec. 6330(b) for both 1988 and 1989, even though her request only stated 1989.

Petitioner did not complete the forms or send any mortgage statements to Neighbor. On March 9, 2000, petitioner asked Neighbor to reschedule the hearing because she was ill. On March 22, 2000, Neighbor rescheduled the hearing for May 25, 2000, and again asked petitioner to give him the information described above.

On May 18, 2000, petitioner sent copies of her 1991, 1992, 1993, and 1996 returns to Neighbor. The copies did not bear original signatures. On May 24, 2000, petitioner asked respondent to postpone the May 25 hearing for health reasons. She told Neighbor she would contact him after June 1, 2000.

By letter dated June 19, 2000, Neighbor told petitioner that, in consideration of her health problems, he had postponed the May 25 hearing, and she had until July 20, 2000, to propose collection alternatives. Neighbor told petitioner that respondent had received from petitioner copies of certain returns, but that original returns had not been filed with the IRS. He invited her to contact him so that they could schedule a hearing before July 20, 2000. He told her that he would issue a notice of determination after that time.

On July 10, 2000, petitioner told Neighbor that she had filed original returns with the Philadelphia Service Center; however, she did not say which returns she had filed. She also asked Neighbor to postpone the July 20, 2000, deadline to August

30, 2000, because of her poor health.  On July 18, 2000, petitioner sent some of the financial information to Neighbor that he had requested.  Petitioner did not give Neighbor any of her mortgage statements.

Neighbor checked respondent's records and found that respondent had no record that petitioner had filed returns for 1991-98.  Neighbor did not consider petitioner's offer in compromise because the Internal Revenue Manual, Part 5, Section 8, states that respondent will not consider offers in compromise unless the taxpayer has filed all required tax returns.

On August 11, 2000, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the lien or levy determination), in which respondent determined to proceed with collection of deficiencies in petitioner's income tax, additions to tax, and interest for 1988-89.

## OPINION

A.  <u>Whether Respondent Is Time Barred From Collecting Petitioner's Taxes for 1988-89</u>

Petitioner contends that respondent is time barred from collecting taxes she owes for 1988-89.  For reasons stated next, we conclude that respondent may collect taxes from petitioner for 1988-89.

A claim that the time to assess tax has expired is a challenge to the underlying tax liability.  <u>Hoffman v.</u>

<u>Commissioner</u>, 119 T.C. 140, 145 (2002); <u>Boyd v. Commissioner</u>, 117 T.C. 127, 130 (2001). Thus, petitioner may not now claim that the assessment period expired before respondent issued the notice of deficiency because she received a notice of deficiency and could have raised that issue in her deficiency case. See sec. 6330(c)(2)(B).

Respondent is not time barred under section 6501 from collecting or assessing tax due from petitioner for 1988-89 because she did not file returns for those years. Respondent is also not time barred under section 6502 from collecting taxes due from petitioner for 1988-89. The Commissioner may collect tax by levy if the levy is made within 10 years after the assessment of tax. Sec. 6502(a)(1). Petitioner signed decision documents in 1996, and respondent assessed petitioner's taxes due for 1988-89 on March 31, 1997. Thus, respondent has at least until March 31, 2007, to collect petitioner's 1988-89 taxes.

B. <u>Whether Respondent's Refusal To Consider Petitioner's Offer In Compromise for Tax Years 1988-89 Was an Abuse of Discretion</u>

Petitioner contends that respondent's refusal to consider her offer in compromise for 1988-89 because she had not filed all required income tax returns was an abuse of discretion. We disagree.

1.  Whether Petitioner Had Filed All Required Tax Returns

Petitioner testified that she filed original income tax returns for 1991-2000 with the Philadelphia Service Center.  We are not persuaded by her testimony.  The parties stipulated the admission into evidence of respondent's Form 2866, Certificate of Official Record, which states that respondent has no record of petitioner's having filed income tax returns for tax years 1988-2000.  Fast and Neighbor both testified that they searched respondent's records.  Fast found that respondent had no record that petitioner had filed returns for 1991-95.  Neighbor found that respondent had no record that petitioner had filed returns for 1991-98.  Respondent's certificate of official record and the testimony of Fast and Neighbor were more persuasive in showing that petitioner had not filed returns for 1988-2000 than petitioner's testimony and the copies of some of her returns were in showing that she had.  Thus, we find that petitioner did not file returns for 1988-2000.

Petitioner contends that respondent erred in not filing the copies of the returns for 1991, 1992, 1993, and 1996 that she gave to Fast and Neighbor.  We disagree.  Those returns did not include petitioner's original signature.  Sec. 6061(a); Beard v. Commissioner, 82 T.C. 766 (1984), affd. 793 F.2d 139 (6th Cir. 1986); sec. 1.6061-1(a), Income Tax Regs.  Petitioner did not provide copies of her returns for 1990, 1994, 1995, 1997, 1998,

1999, or 2000. Petitioner does not contend that she was not required to file tax returns for any of these years. We conclude that petitioner had not filed all required tax returns when she filed her offer in compromise.

2. <u>Whether Respondent's Refusal To Consider Petitioner's Offer In Compromise Because Petitioner Had Not Filed All Required Tax Returns Was an Abuse of Discretion</u>

Petitioner contends that respondent's refusal to consider her offer in compromise because she had not filed required income tax returns was unreasonable and thus an abuse of discretion. We disagree.

Petitioner did not submit all of the financial information supporting her offer in compromise that was requested by Neighbor. The Commissioner will not process an offer that lacks sufficient information to permit the Commissioner to evaluate its acceptability. Sec. 301.7122-1T(c)(2), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 39020 (July 21, 1999). Section 5.8.3.3(2) and (4) of the Internal Revenue Manual, promulgated on February 4, 2000, and in effect at all time relevant here, provides that the Commissioner may not process an offer in compromise if the taxpayer has not filed all required tax returns. 2 Administration, Internal Revenue Manual (CCH), sec. 5.8.3.3(2), (4), at 16,283. The Commissioner's decision not to process an offer in compromise or a proposed collection alternative from taxpayers who have not filed all required tax

returns is not an abuse of discretion.  <u>Londono v. Commissioner</u>, T.C. Memo. 2003-99; <u>Ashley v. Commissioner</u>, T.C. Memo. 2002-286; <u>Richter v. United States</u>, 90 AFTR 2d 2002-5998, 2002-2 USTC par. 50,607 (C.D. Cal. 2002); <u>AJP Mgmt. v. United States</u>, 87 AFTR 2d 2001-347, 2001-1 USTC par. 50,184 (C.D. Cal. 2000); <u>TTK Mgmt. v. United States</u>, 87 AFTR 2d 2001-350, 2001-1 USTC par. 50,185 (C.D. Cal. 2000).  The Commissioner may set reasonable priorities for Internal Revenue Service staff as needed to effectively administer the revenue laws.  The decision not to accept the offer in compromise submitted by petitioner on account of her failure to file all required returns was an entirely reasonable exercise of the Commissioner's discretion in administering the offer in compromise program.

We conclude that respondent's determination to proceed with collection as to petitioner's 1988-89 tax liabilities was not an abuse of discretion.

Accordingly,

<u>Decision will be entered for respondent</u>.