T.C. Summary Opinion 2003-87

UNITED STATES TAX COURT

CHARLES WENDELL HARKEY, SR. AND BARBARA ANNE HARKEY, Petitioners
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18187-02S.                    Filed July 1, 2003.

Charles Wendell Harkey, Sr., pro se.

Nancy E. Hooten, for respondent.

ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of sections 6330(d) and 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]  Unless otherwise indicated, subsequent references to sections other than sections 6330 and 6320 are to the Internal Revenue Code of 1986 as amended or in effect for 1992 and 1993.

Respondent issued to petitioners a Notice Of Determination Concerning Collections Action(s) Under Section 6320 and/or 6330 for unpaid Federal income taxes and related liabilities for the taxable years 1992 and 1993 in the amounts (per collection notices dated March 4, 2002) of $9,214.97 and $4,042.66, respectively.

The issues for decision are:

(1) Whether petitioners are liable for the unpaid Federal income taxes reported on their 1992 and 1993 delinquent income tax returns. We hold that they are.

(2) Whether petitioners are liable for (a) additions to tax under section 6651(a)(1) for failure to timely file their 1992 and 1993 income tax returns; (b) additions to tax under section 6651(a)(2) for failure to timely pay the unpaid tax reported on their 1992 and 1993 income tax returns; (c) an addition to tax under section 6654(a) for failure to pay estimated tax in 1993; and (d) interest in respect of their unpaid income tax and related liabilities for the taxable years 1992 and 1993. We hold that they are.

(3) Whether respondent abused his discretion in determining that the levy action against petitioners may proceed. We hold that he did not.

Background

Some of the facts have been stipulated, and they are so found. Petitioners resided in Atlanta, Georgia, at the time that their petition was filed with the Court.

A. Petitioners' Liability for 1992

On or before April 15, 1993, petitioners filed Form 4868, Extension of Time To File U.S. Individual Income Tax Return, and were granted an automatic 4-month extension of time to file their Federal income tax return for 1992. However, petitioners did not file their 1992 Form 1040, U.S. Individual Income Tax Return, until June 17, 1994, some 10 months after the due date as extended. See secs. 6072(a); 6081(a).

On their 1992 income tax return, petitioners reported total tax of $3,458, total payments of $0, and amount owed of $3,458. Petitioners did not enclose payment with their return of any part of the liability reported thereon.

On July 25, 1994, respondent assessed against petitioners income tax in the amount of $3,458, an addition to tax under section 6651(a)(1) for failure to timely file in the amount of $778.05, an addition to tax under section 6651(a)(2) for failure to timely pay in the amount of $276.64, and interest in the amount of $379.45. On that same day, respondent sent petitioners a notice of balance due, informing them that they had a liability for 1992 and requesting that they pay it. Petitioners failed to

do so, other than as mentioned in the following paragraph.

On June 3, 1997, and July 7, 1997, respondent applied overpayment credits from petitioners' account for the taxable year 1990 in the amounts of $63.25 and $200, respectively, to petitioners' outstanding liability for 1992.  Subsequently, on August 12, 1997, respondent posted another $200 payment to petitioners' account for 1992.  Other than the foregoing, no credits or payments have been made to petitioners' account for 1992.

B.  Petitioners' Liability for 1993

On June 17, 1994, petitioners filed Form 1040 for 1993, some 2 months after its due date.  See sec. 6072(a).

On their 1993 income tax return, petitioners reported total tax of $1,586, total payments of $0, and amount owed of $1,652.[2] Petitioners did not enclose payment with their return of any part of the liability reported thereon.

On July 25, 1994, respondent assessed against petitioners income tax in the amount of $1,586, an addition to tax under section 6654(a) for failure to pay estimated tax in the amount of $66, an addition to tax under section 6651(a)(1) for failure to timely file in the amount of $214.11, an addition to tax under section 6651(a)(2) for failure to timely pay in the amount of $31.72, and interest in the amount of $36.46.  Also on July 25,

---

[2]  The amount owed included $66 for "estimated tax penalty".

1994, respondent sent petitioners a notice of balance due, informing them that they had a liability for 1993 and requesting that they pay it.  Petitioners have made no payments to their account for 1993.

C.  <u>Collection-related Matters at the Administrative Level</u>

On December 17, 2001, respondent sent petitioners a Final Notice/Notice Of Intent To Levy And Notice Of Your Right To A Hearing in respect of their outstanding tax liabilities for 1992 and 1993.

On January 10, 2002, petitioners filed with respondent Form 12153, Request for a Collection Due Process Hearing.  The request stated only that "I have never recieved [sic] notice of this tax".

On July 10, 2002, an administrative hearing was conducted by respondent's Appeals Office in Atlanta, Georgia.  At the administrative hearing, petitioners repeated their assertion that they had not received any notice that there was tax due for either 1992 or 1993.  Petitioners also stated that they did not have any income tax liability for either of those years.

Also discussed at the administrative hearing was an installment agreement.  Such collection alternative did not prove to be feasible, however, because (as explained by the Appeals officer in his Case Memo) petitioners "[reserved] the right to dispute the tax for the 1992 and 1993 tax year[s]."

On October 24, 2002, respondent sent petitioners a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) with regard to their tax liabilities for 1992 and 1993. In the notice of determination, the Appeals Office stated that respondent's determination to proceed with collection by way of levy should be sustained.

D. Petitioners' Petition

On November 22, 2002, petitioners filed a Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d) (the petition). In the petition, petitioners allege as follows:

> We claim we do not owe these taxes. Upon several requests to the Internal Revenue Service they were unable to support their claim to Notice of Deficiency with any documentation (other than a transcript). My accountant has disposed of these records as well as Barbara and myself, the Petitioners.

E. Pretrial Developments

After this case had been calendared for trial, respondent filed a Motion For Summary Judgment (the motion). In the motion, respondent alleged that "The sole issue presented in this case is whether petitioners are precluded from challenging the liability they asserted on their originally filed returns in a Collection Due Process hearing." Relying on section 6330(c)(2)(B), respondent took the position that petitioners were precluded, as a matter of law, from challenging the liabilities reported by them on their 1992 and 1993 returns.

Respondent attached to his motion, inter alia, copies of

petitioners' Federal income tax returns for 1992 and 1993 and a Form 4340, Certificate of Assessments, Payments, And Other Specified Matters, for each of the years in issue.

Shortly before trial, petitioners filed a response to respondent's motion. In their response, petitioner Charles Wendell Harkey alleged, in part, as follows:

> I do not owe these taxes but have no supporting documents. The IRS has not presented me with any documents from the last ten years showing me that they have tried to collect which translates into I don't owe these taxes and that this is harassment. I have appealed this collection on that basis and will present this as my case on my court date of May 12, 2003.

When this case was called from the calendar at the trial session, the Court advised the parties that, under the circumstances then extant, the Court was not inclined to rule on respondent's motion and that the case would therefore proceed to trial. The following day, when this case was called for trial, the parties tendered, and the Court filed, a stipulation of facts, attached to which were the same exhibits that accompanied respondent's motion.

## Discussion

At trial, petitioners raised issues that arguably went beyond the scope of the issues defined in the petition. Cf. Rule 331(b)(4).[3] However, respondent did not object. Accordingly, we

---

[3] All Rule references are to the Tax Court Rules of Practice and Procedure.

regard such issues as having been tried by consent, and they shall be treated as if they had been raised in the petition.  See Rule 41(b).

A.  Petitioners' Liability for Unpaid Taxes

For the sake of convenience, we shall assume without prejudice that petitioners may challenge the existence or amount of their underlying tax liability for each of the years in issue. Petitioners' challenge, however, is to no avail because, at trial, petitioners failed to introduce any evidence whatsoever that their tax liabilities were other than what they themselves reported on their 1992 and 1993 Federal income tax returns.

In addition, the fact that petitioners or their accountant may have disposed of all of their records for 1992 and 1993 does not in any way absolve petitioners from liability for the income taxes that they themselves reported on their 1992 and 1993 Federal income tax returns.  If petitioners disposed of all of their records before their liabilities were satisfied, then petitioners have no one to blame but themselves; if it was their accountant who did so, then petitioners should look to him.

It is also no excuse to profess that "I have never recieved [sic] notice of this tax".  After all, the liabilities at issue are nothing other than the liabilities reported by petitioners themselves on their 1992 and 1993 delinquent income tax returns.

Finally, we observe that the period of limitations on

collection of petitioners' outstanding liabilities for 1992 and 1993 has not expired. Sec. 6502(a). Accordingly, the fact that respondent may not have taken collection action against petitioners immediately after assessment of the liabilities in issue is of no moment.

B. Petitioners' Liability for Additions to Tax and Interest

We turn now to what we understand to be petitioners' contention that the Court should review respondent's failure to abate additions to tax ("penalties") and interest with respect to 1992 and 1993.

Initially, it should be recalled that petitioners filed their 1992 income tax return some 10 months late and did not enclose payment with their return of any part of the liability reported thereon; consequently, respondent assessed against petitioners an addition to tax under section 6651(a)(1) for failure to timely file and an addition to tax under section 6651(1)(2) for failure to timely pay. Similarly, petitioners filed their 1993 income tax return some 2 months late, did not enclose payment with their return of any part of the liability reported thereon, and reported liability for an "estimated tax penalty"; consequently, respondent assessed against petitioners an addition to tax under section 6651(a)(1) for failure to timely file, an addition to tax under section 6651(1)(2) for failure to timely pay, and an addition to tax under section 6654(a) for

failure to pay estimated tax.[4]

The record does not demonstrate that petitioners raised at the administrative hearing an issue concerning respondent's failure to abate additions to tax. We do not, therefore, consider any such issue. See Washington v. Commissioner, 120 T.C. 114, 124 (2003). Assuming without prejudice that petitioners did raise such an issue, this Court lacks jurisdiction to review petitioners' request that we review any such failure. Id. at 124 n.15.

Insofar as interest is concerned, the record does not demonstrate that petitioners raised at the administrative hearing an issue concerning respondent's failure to abate interest. We do not, therefore, consider any such issue. Id. at 123-124. Assuming without prejudice that (1) petitioners did raise such an issue and that (2) we have jurisdiction to consider it, see id. at 123 n.12, we conclude that petitioners have failed to prove that respondent abused his discretion in failing to abate interest. Indeed, petitioners failed to establish any error or delay attributable to one of respondent's officers' or employees' being erroneous or dilatory in performing a ministerial act

---

[4] At trial, petitioners made no effort to show that their failure to timely file or that their failure to timely pay was attributable to reasonable cause and not willful neglect, nor did petitioners make any effort to show that their failure to pay estimated tax was statutorily excused. Similarly, petitioners raised no issue regarding the computation of any of the additions to tax.

requiring the abatement of interest with respect to the taxable year 1992 or 1993.  See sec. 6404(e).  The fact that respondent assigned another DLN (document locator number) to each of petitioners' returns a few months after those returns were filed in 1994 (apparently because they were "balance-due returns") does not, by any stretch of the imagination, satisfy petitioners' burden of proof.

C.  Did Respondent Abuse His Discretion?

At the administrative hearing, there was discussion concerning a possible installment payment agreement. Petitioners, however, were not willing to enter into such an agreement because they continued to dispute their underlying liabilities for 1992 and 1993.  For that same reason, respondent was not willing to offer an installment payment agreement as a collection alternative.

In Rodriguez v. Commissioner, T.C. Memo. 2003-153, we held that it was not an abuse of discretion for the Commissioner to decline to accept an offer in compromise as a collection alternative if the taxpayer had not filed all required income tax returns.  Indeed, we stated:

> The decision not to accept the offer in compromise submitted by petitioner on account of her failure to file all required returns was an entirely reasonable exercise of the Commissioner's discretion in administering the offer in compromise program.  [Id.]

Although the present case involves a potential installment payment agreement and not an offer in compromise, we think the deference shown in <u>Rodriquez v. Commissioner</u>, <u>supra</u>, to the Commissioner's collection procedures applies equally to the present case. Specifically, we do not think it is an abuse of discretion for the Commissioner to decline to offer an installment payment agreement to a taxpayer if the taxpayer continues to dispute the underlying liability.[5] After all, an installment payment agreement contemplates payment of an amount acknowledged as owed. See Internal Revenue Manual 5.19.1.5.4.1; Form 433-D, Installment Agreement; see also sec. 6159; sec. 301.6159-1, Proced. & Admin. Regs.

In sum, petitioners have failed to demonstrate that the proposed levy action is inappropriate, that another collection alternative is more appropriate, or that some other relevant issue adversely affects respondent's proposed collection action. Respondent's determination to proceed by levy with the collection of petitioners' outstanding liabilities for 1992 and 1993 was not an abuse of discretion.

---

[5] Indeed, it is hard to imagine that a taxpayer would even want to enter into an installment payment agreement if the taxpayer not only disputed the underlying liability but wished to take that dispute to court.

D.  <u>Conclusion</u>

For the reasons discussed above, respondent's determination to proceed by levy with the collection of petitioners' outstanding liabilities for 1992 and 1993 should be sustained, and we so hold.

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to the foregoing,

<u>Respondent's Motion For</u>

<u>Summary Judgment will be denied as</u>

<u>moot, and decision will be entered</u>

<u>for respondent.</u>