T.C. Memo. 2004-171


UNITED STATES TAX COURT



THOMAS G. COLLIER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2538-03L.               Filed July 21, 2004.


P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action is appropriate.

Held:  Because there was no abuse of discretion by
R in concluding that P's noncompliance with Federal tax
filing obligations would render him ineligible for
collection alternatives, R's determination to proceed
with collection action is sustained.


Thomas G. Collier, pro se.

James M. Payton, for respondent.

MEMORANDUM OPINION

WHERRY, Judge:  This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121.[1] The instant proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330.  The issue for decision is whether respondent may proceed with collection action as so determined.

## Background

Petitioner filed Federal income tax returns for 1995, 1997, 1998, and 1999 and did not fully pay the reported liabilities. Respondent subsequently assessed the reported amounts, along with statutory additions, and sent to petitioner notices of balance due.  Respondent then issued to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing dated February 2, 2002, with regard to the 1995, 1997, 1998, and 1999 years.  The notice reflected a total amount due of $51,373.49, which amount included statutory additions.

In response to the notice, petitioner's representative, C. Page Hamrick III (Mr. Hamrick), timely submitted a Form 12153, Request for a Collection Due Process Hearing, received by

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

respondent on February 14, 2002. The Form 12153 contained the following explanation of petitioner's disagreement with the notice of levy: "Taxpayer has filed offer in compromise and requests consideration prior to collection action."

Petitioner's collection case was assigned to Settlement Officer James M. Payton (Mr. Payton), of the Internal Revenue Service (IRS) Office of Appeals in Charleston, West Virginia. Following his receipt of the case in June of 2002, Mr. Payton checked IRS records for information pertaining to the offer in compromise referenced in petitioner's Form 12153. Mr. Payton found no indication that petitioner had filed an offer in compromise, although Forms 1040, U.S. Individual Income Tax Return, showing that petitioner was due refunds, had been filed for 2000 and 2001.

Mr. Payton spoke to Mr. Hamrick by telephone on September 26, 2002. During that conversation, Mr. Hamrick indicated that petitioner also had outstanding employment tax liabilities related to his business and provided Mr. Payton with the employer identification number. Mr. Hamrick stated that he would contact petitioner to schedule a meeting for October and would then communicate an exact date to Mr. Payton.

When petitioner failed to return Mr. Hamrick's calls, Mr. Hamrick on November 5, 2002, gave Mr. Payton permission to contact petitioner directly. Mr. Payton immediately sent

petitioner a letter requesting that petitioner contact him no later than November 18, 2002, to arrange a convenient meeting. Petitioner telephoned Mr. Payton on November 19, 2002, and a conference was scheduled for November 27, 2002, at 10:00 a.m.

A face-to-face hearing between petitioner and Mr. Payton was conducted on November 27, 2002, as scheduled. Petitioner communicated that, in addition to his employment as a wage-earning operator for a third-party entity, he was the self-employed owner of an air conditioning repair business. He further indicated that he employed three individuals but was unable to stay current with his employment tax responsibilities.

Petitioner at the hearing also provided Mr. Payton with a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and stated that he thought Mr. Hamrick had filed an offer in compromise on his behalf. Mr. Payton explained that the IRS had no record of receiving an offer in compromise but that petitioner would not be eligible for such an alternative because he was not in compliance with requirements for filing returns for and paying employment tax obligations. During the hearing, petitioner raised no issues other than resolution of the unpaid liabilities by means of an offer in compromise. Specifically, for instance, he did not raise the correctness of the underlying income tax liabilities which were the subject of the collection action.

The aforementioned Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 was issued to petitioner on January 7, 2003. The notice summarized respondent's determination: "You are not in compliance with filing and paying payroll taxes, therefore Appeals [sic] only alternative is to sustain the proposed Levy." An attachment to the notice provided further details, including the following discussion under the heading "Issues raised by the Taxpayer":

> **Issue**: You didn't want the Internal Revenue Service to take any levy actions. You thought your Power of Attorney filed an Offer-In-Compromise as doubt to collectibility on your behalf.

> **Response:** On 11/27/2002, we had a face-to-face conference. You stated at our meeting that you have accrued 941 tax liabilities from 1998 to present and will not be able to file timely 941 tax returns or make current federal tax deposits at this time.

> IRC §7122 authorizes the Secretary of the Treasury to settle, *or compromise*, federal tax liabilities by accepting less than full payment under certain circumstances.

> IRM [Internal Revenue Manual] 5.8.3.3(4) (rev. 2-4-2000) states that an Offer cannot be processed if the taxpayer has not filed all tax returns.

> I researched your account and did not find that there was an Offer under consideration. Furthermore, per the compliance requirements, you would not qualify for an Offer at this time.

> No other relevant issues were raised.

An imperfect petition challenging this notice of determination was filed with the Tax Court on February 11, 2003.

On March 17, 2003, petitioner filed an amended petition which set forth his position as follows:

Background Information

Try to pay back taxes over a period of ten-year period while in bankrupt court.  I could not pay the amount in a five year period because of amount for five-year was too high.  I was behind in alimony payment[.]  I had a choice to pay it or my taxes.

Relief

A chance to pay over a long period of time.

Both the petition and the amended petition reflected an address for petitioner in Charleston, West Virginia.

After the pleadings were closed in this case, respondent filed the subject motion for summary judgment.  Petitioner was directed to file any response to respondent's motion on or before May 28, 2004; no such response was received by this Court.  A hearing on respondent's motion, at which both petitioner and counsel for respondent appeared, was held on June 7, 2004, in Charleston, West Virginia.

## Discussion

Rule 121(a) allows a party to move "for a summary adjudication in the moving party's favor upon all or any part of the legal issues in controversy."  Rule 121(b) directs that a decision on such a motion shall be rendered "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."

The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Facts are viewed in the light most favorable to the nonmoving party. Id. However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must by affidavits or otherwise set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

I. Collection Actions

A. General Rules

Section 6331(a) authorizes the Commissioner to levy upon all property and rights to property of a taxpayer where there exists a failure to pay any tax liability within 10 days after notice and demand for payment. Sections 6331(d) and 6330 then set forth procedures generally applicable to afford protections for taxpayers in such levy situations. Section 6331(d) establishes the requirement that a person be provided with at least 30 days' prior written notice of the Commissioner's intent to levy before collection may proceed. Section 6331(d) also indicates that this

notification should include a statement of available administrative appeals.  Section 6330(a) expands in several respects upon the premise of section 6331(d), forbidding collection by levy until the taxpayer has been furnished notice of the opportunity for administrative review of the matter in the form of a hearing before the Internal Revenue Service Office of Appeals.  Section 6330(b) grants a taxpayer who so requests the right to a fair hearing before an impartial Appeals officer.

Section 6330(c) addresses the matters to be considered at the hearing:

> SEC. 6330(c).  Matters Considered at Hearing.--In the case of any hearing conducted under this section--
>
> (1) Requirement of investigation.--The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.
>
> (2) Issues at hearing.--
>
> (A) In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>
> (i) appropriate spousal defenses;
>
> (ii) challenges to the appropriateness of collection actions; and
>
> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Once the Appeals officer has issued a determination regarding the disputed collection action, section 6330(d) allows the taxpayer to seek judicial review in the Tax Court or a District Court.  In considering whether taxpayers are entitled to any relief from the Commissioner's determination, this Court has established the following standard of review:

> where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. [Sego v. Commissioner, 114 T.C. 604, 610 (2000).]

B.  Analysis

Nothing in the record indicates that petitioner has at any time throughout the administrative or judicial proceedings, including the hearing on respondent's motion, attempted to challenge his underlying tax liability.  Accordingly, we review respondent's determination to proceed with collection for abuse of discretion.  Action constitutes an abuse of discretion under this standard where arbitrary, capricious, or without sound basis in fact or law.  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

On various occasions during the process before Appeals, petitioner communicated an interest in pursuing an offer in compromise. Section 7122(a), as pertinent here, authorizes the Secretary to compromise any civil case arising under the internal revenue laws. Regulations promulgated under section 7122 set forth three grounds for compromise of a liability: (1) Doubt as to liability, (2) doubt as to collectibility, or (3) promotion of effective tax administration. Sec. 301.7122-1(b), Proced. & Admin. Regs.[2] With respect to the third-listed ground, a compromise may be entered to promote effective tax administration where: (1)(a) Collection of the full liability would cause economic hardship; or (b) exceptional circumstances exist such that collection of the full liability would undermine public confidence that the tax laws are being administered in a fair and equitable manner; and (2) compromise will not undermine

---

[2] Sec. 301.7122-1, Proced. & Admin. Regs., contains an effective date provision stating that the section applies to offers in compromise pending on or submitted on or after July 18, 2002. Sec. 301.7122-1(k), Proced. & Admin. Regs. Previous temporary regulations by their terms apply to offers in compromise submitted on or after July 21, 1999, through July 19, 2002. Sec. 301.7122-1T(j), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 39027 (July 21, 1999). The final and temporary regulations do not differ materially in substance in any way relevant here, and temporary regulations are entitled to the same weight and binding effect as final regulations. Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996). For simplicity and convenience, the final regulations are cited.

compliance by taxpayers with the tax laws.  Sec. 301.7122-1(b)(3), Proced. & Admin. Regs.

The Internal Revenue Manual provides generally that an offer in compromise is not processable if all tax returns for which the taxpayer has a filing requirement have not been filed.  2 Administration, Internal Revenue Manual (CCH), sec. 5.8.3.2.1(1)(a), at 16,281 (Nov. 30, 2001).  The Internal Revenue Manual further specifies:  "In-business taxpayers must have timely filed and timely deposited all employment taxes for two quarters preceding the offer submission.  They must have also timely paid all federal tax deposits due in the quarter in which the offer is submitted."  Id.

The Tax Court, moreover, acknowledging such provisions of the Internal Revenue Manual, has ruled as follows:

> The Commissioner's decision not to process an offer in compromise or a proposed collection alternative from taxpayers who have not filed all required tax returns is not an abuse of discretion.  Londono v. Commissioner, T.C. Memo. 2003-99; Ashley v. Commissioner, T.C. Memo. 2002-286; Richter v. United States, 90 AFTR 2d 2002-5998, 2002-2 USTC par. 50,607 (C.D. Cal. 2002); AJP Mgmt. v. United States, 87 AFTR 2d 2001-347, 2001-1 USTC par. 50,184 (C.D. Cal. 2000); TTK Mgmt. v. United States, 87 AFTR 2d 2001-350, 2001-1 USTC par. 50,185 (C.D. Cal. 2000).  The Commissioner may set reasonable priorities for Internal Revenue Service staff as needed to effectively administer the revenue laws.  The decision not to accept the offer in compromise submitted by petitioner on account of her failure to file all required returns was an entirely reasonable exercise of the Commissioner's discretion in administering the offer in compromise program. [Rodriguez v. Commissioner, T.C. Memo. 2003-153.]

The instant case, in addition to presenting the threshold problem that petitioner has never in fact filed an offer in compromise that was accepted for processing, falls squarely within the above-quoted rationale. The record contains certified transcripts (Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters) reflecting petitioner's failure to file: (1) Forms 941, Employer's Quarterly Federal Tax Return for the periods ending December 31, 2000, March 31, 2001, December 31, 2001, March 31, 2002, June 30, 2002, and September 30, 2002; and (2) Forms 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for the years 2001 and 2002.

Petitioner readily acknowledged such noncompliance during the administrative process. At the hearing on respondent's motion, petitioner at times seemed to be claiming that, as of the hearing date, all required filings had been made. However, he also expressly conceded that at least one quarterly return was not filed and offered no documentary support as to any other alleged submissions.

In light of this history and on this record, no abuse of discretion was committed by respondent in concluding that petitioner would not be eligible for an offer in compromise or similar collection alternative.[3] Furthermore, with respect to

---

[3] We note, for example, that the Internal Revenue Manual likewise highlights compliance with all individual and business

(continued...)

other issues enumerated in section 6330(c)(2)(A) and subject to review in collection proceedings for abuse of discretion, petitioner has not raised any spousal defenses or valid challenges to the appropriateness of the collection action. As this Court has noted in earlier cases, Rule 331(b)(4) states that a petition for review of a collection action shall contain clear and concise assignments of each and every error alleged to have been committed in the notice of determination and that any issue not raised in the assignments of error shall be deemed conceded. See Lunsford v. Commissioner, 117 T.C. 183, 185-186 (2001); Goza v. Commissioner, 114 T.C. 176, 183 (2000). Accordingly, the Court concludes that respondent's determination to proceed with collection of petitioner's tax liabilities was not an abuse of discretion.

To reflect the foregoing,

An appropriate order granting respondent's motion and decision for respondent will be entered.

---

[3](...continued) filing requirements as a prerequisite to approval of an installment agreement. 2 Administration, Internal Revenue Manual (CCH) sec. 5.14.1.4.1, at 17,510 (July 1, 2002).