T.C. Summary Opinion 2007-1


UNITED STATES TAX COURT


JONITA CONNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2054-06S.              Filed January 3, 2007.


Jonita Conner, pro se.

<u>Michael A. Raiken</u> and <u>Ann Welhaf</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of sections 6330(d) and 7463.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at relevant times.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sent to petitioner on December 22, 2005. The issue for decision is whether respondent abused his discretion in sustaining a proposed levy action against petitioner.[1]

<u>Background</u>

Petitioner resided in Silver Spring, Maryland, when her petition was filed. Petitioner was a practicing physician at the time of trial.

Petitioner filed late a 2003 Federal income tax return and did not pay all the tax reported thereon. Respondent assessed the tax, as well as related penalties and interest, and issued petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing, offering to pay $100 a month toward her tax liability.

Petitioner's case was assigned to a settlement officer, who determined that petitioner had not filed her 2004 tax return. On November 8, 2005, the settlement officer requested that petitioner submit a signed 2004 tax return and a Form 433-A,

---

[1] Respondent filed a motion for summary judgment in September 2006. Because we find there are genuine issues of material fact, summary judgment is inappropriate. See <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985). We therefore shall deny respondent's motion.

Collection Information Statement for Wage Earners and Self-Employed Individuals, which asks the taxpayer to provide certain financial information. The settlement officer indicated that if petitioner did not provide the tax return and Form 433-A by November 28, 2005, respondent would sustain the proposed collection action. The settlement officer did not receive the requested documents by that date.

On December 22, 2005, respondent issued petitioner a notice of determination sustaining the proposed levy. The notice states that petitioner failed to file the 2004 tax return or submit the Form 433-A. It also states that the settlement officer verified that applicable legal and administrative requirements had been met.

On or about December 23, 2005, petitioner sent a letter to the settlement officer in response to the notice of determination. The letter states that petitioner mailed the 2004 tax return and the financial information on November 28, 2005. Enclosed with the letter were a signed 2004 tax return and a Form

433-F, Collection Information Statement.[2]  Respondent had not previously received these documents from petitioner.

### Discussion

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after a notice and demand for payment is made.  Section 6331(d) provides that the levy may be made only if the Secretary has given written notice to the taxpayer 30 days before the levy.  Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the levy is begun.

If a section 6330 hearing is requested, the hearing is to be conducted by the Office of Appeals, and the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met.  Sec. 6330(b)(1), (c)(1).  The taxpayer may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy.  Sec.

---

[2] Both the Form 433-A and the Form 433-F require the taxpayer to provide financial information.  The Form 433-F is a 1-page document that asks the taxpayer to list items such as monthly income and expenses.  The Form 433-A, in contrast, is a 6-page document that requires the taxpayer, inter alia, to list income and expenses for a 3-month period; attach copies of documents such as pay stubs, bank statements, and proof of current expenses; and indicate whether the taxpayer has transferred assets out of his or her name for less than actual value.

6330(c)(2)(A). The taxpayer also may raise challenges to the existence or amount of the underlying tax liability at a hearing if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B); Montgomery v. Commissioner, 122 T.C. 1 (2004).

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations. Sec. 6330(d); Iannone v. Commissioner, 122 T.C. 287, 290 (2004). Where, as here, the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000). Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law. See Freije v. Commissioner, 125 T.C. 14, 23 (2005). The Commissioner's refusal to consider collection alternatives is not an abuse of discretion where the taxpayer has failed to file all required tax returns or to provide complete financial information. See Roman v. Commissioner, T.C. Memo. 2004-20; Rodriguez v. Commissioner, T.C. Memo. 2003-153 (and cases cited therein).

Petitioner contends she sent the requested information to respondent on November 28, 2005. Petitioner testified that she did not send the information by certified or registered mail,

however, and therefore she does not have a receipt of mailing to corroborate her testimony.

Respondent contends that petitioner has a history of failing to file tax returns or provide financial information, and, therefore, petitioner's testimony is not credible. Respondent's settlement officer testified that petitioner had tax liabilities for previous years that respondent had attempted to collect. Respondent's records indicate that although petitioner proposed collection alternatives for those years, respondent rejected the proposals due to petitioner's failure to file tax returns or provide financial information.

Petitioner did not dispute the settlement officer's testimony regarding the prior years' tax liabilities. In addition, petitioner acknowledged that she filed her 2005 tax return late. On the basis of the record, we agree with respondent that petitioner has demonstrated a pattern of missing deadlines with respect to filing her tax returns and providing respondent with requested information. In the absence of corroborating evidence, we are not required to accept, and do not accept, petitioner's self-serving testimony that she mailed the 2004 tax return and Form 433-F to respondent on November 28, 2005. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Madden v. Commissioner, T.C. Memo. 2006-4.

We note that even if petitioner did mail the Form 433-F on that date, the settlement officer requested a Form 433-A. As described above, the Form 433-A requires the taxpayer to provide substantially more financial information, such as pay stubs and bank records, than does the Form 433-F. Petitioner does not contend that she mailed these documents to the settlement officer. Thus, petitioner did not provide complete financial information. See Roman v. Commissioner, supra. Moreover, the Form 433-F that petitioner provided appears incomplete in several respects. For example, petitioner lists monthly income of $1,500 and monthly expenses of $5,056. The Form 433-F gives no indication how petitioner covered the shortfall between the reported income and expenses. Petitioner listed no assets other than $100 in a checking account. The only debt listed is $450 of credit card debt. Petitioner also failed to indicate she was a physician or include a business address as requested on the Form 433-F.

On the basis of our review of the record, we conclude that respondent satisfied the requirements of section 6330(c) and did not abuse his discretion in refusing to consider collection alternatives and sustaining the proposed levy against petitioner. Respondent's determination therefore is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.