T.C. Memo. 2010-59

UNITED STATES TAX COURT

JAMES J. KAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12545-07L.               Filed March 29, 2010.

James J. Kay, pro se.

<u>Heather D. Horton</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner seeks
review of respondent's determination to sustain a notice of
Federal tax lien with respect to petitioner's unpaid Federal

---

[1]Unless otherwise noted, all section references are to the
Internal Revenue Code of 1986, as amended.  All dollar amounts
have been rounded to the nearest dollar.

income taxes for 1998 through 2002 and frivolous return penalty for 1998. The issues for decision are: (1) Whether petitioner is precluded from challenging his underlying tax liabilities for those years; (2) whether respondent abused his discretion in upholding the notice of Federal tax lien; and (3) whether the Court should impose a penalty under section 6673(a)(1). At the time the petition was filed, petitioner resided in Arizona.

FINDINGS OF FACT

I. Petitioner's Unpaid Federal Income Tax Liabilities

Petitioner timely submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for taxable year 1998. The return reported wages of $26,062 on line 7 but treated this amount as adding up to zero for "total income" on line 22, resulting in "adjusted gross income" of zero on line 33. Similarly, zeros were entered on all lines for computing petitioner's tax liability. The jurat contained an asterisk referencing two pages attached to the return which, inter alia, advised respondent that petitioner's compensation for his labor was not taxable and if respondent believed otherwise it was respondent's "duty to provide me with the sections of the Internal Revenue Code * * * which make me subject to the Internal Revenue income tax."

Respondent subsequently examined the return and on March 3, 2000, issued a notice of deficiency to petitioner which determined that the reported wages were taxable income, resulting

in a deficiency of $2,869, and that petitioner was liable for a negligence penalty under section 6662(a) and (b)(1) of $499. Petitioner did not petition the Court for a redetermination with respect to this notice. On August 7, 2000, respondent assessed the deficiency and penalty for 1998, together with statutory interest, and sent petitioner a statutory notice of balance due. On September 4, 2000, respondent assessed a frivolous return penalty under section 6702 with respect to petitioner's 1998 return.

On January 10, 2003, petitioner filed untimely income tax returns for taxable years 1999, 2000, and 2001, which reported taxes due of $2,891, $2,869, and $2,569, respectively. Petitioner failed to pay the taxes reported as due. On various dates in February 2003 respondent assessed the reported taxes as well as additions to tax under section 6651(a)(1) and (2) for failure to file and pay timely for these years, together with statutory interest, and sent petitioner statutory notices of balance due.

Petitioner did not file a timely tax return for taxable year 2002. On June 2, 2004, respondent prepared a substitute for return under section 6020(b) for 2002. Respondent issued a notice of deficiency to petitioner dated July 20, 2004, which determined a deficiency for 2002 of $2,351, together with an addition to tax under section 6651(a)(1) of $682. Petitioner did

not petition the Court for a redetermination with respect to this notice. On December 13, 2004, respondent assessed the deficiency and addition for 2002, together with statutory interest, and sent petitioner a statutory notice of balance due.

As of December 20, 2007, petitioner had not filed Federal income tax returns for 2003, 2004, or 2005.

II. Respondent's Collection Actions

Respondent issued petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing (2002 notice of levy) on October 10, 2002, with respect to the unpaid tax and section 6662 penalty for 1998. Respondent's Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, concerning the deficiency and section 6662 penalty for 1998 indicates that on November 26, 2002, respondent received a signed return receipt with respect to the 2002 notice of levy. Petitioner did not request a hearing with respect to the 2002 notice of levy.

On January 10, 2003, petitioner entered into an installment agreement with respect to his tax liabilities for 1998 and 2002. On various dates in February 2003 petitioner entered into installment agreements with respect to his tax liabilities for 1999, 2000, and 2001. Between August 2004 and January 2005 petitioner made sporadic payments on his 1998 tax liability before defaulting.

On June 9, 2005, respondent issued petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing (2005 notice of levy) with respect to his unpaid taxes for 1999 through 2002 and the section 6702 penalty for 1998. Respondent's Forms 4340 concerning the unpaid taxes for 1999 through 2002 and the section 6702 penalty for 1998 indicate that on July 7, 2005, respondent received a signed return receipt with respect to the 2005 notice of levy. Petitioner did not request a hearing with respect to the 2005 notice of levy.

Respondent filed the notice of Federal tax lien at issue on November 2, 2006. Respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under Section 6320 (CDP notice) on November 8, 2006. The CDP notice advised petitioner that respondent filed the notice of Federal tax lien because of his unpaid income taxes for 1998 through 2002 and section 6702 penalty for 1998. Respondent enclosed a Form 12153, Request for a Collection Due Process Hearing, with the CDP notice. Petitioner completed the Form 12153, supplying the following explanation of his disagreement with the lien: "I dispute that the taxpayer status has created or represents an actual tax liability for me." On December 11, 2006, petitioner hand-carried the form to respondent's local office in Tucson, Arizona, which accepted the form and stamped it received by that office on the same date. The form also bears a stamp indicating

that it was received by respondent's Appeals Office on December 28, 2006.

Respondent's Appeals Office assigned petitioner's case to a settlement officer. The settlement officer took the position, on the basis of the date petitioner's Form 12153 was received by the Appeals Office, that the Form 12153 was untimely filed. Accordingly, the settlement officer determined that petitioner was entitled to an equivalent hearing and on March 9, 2007, sent petitioner a letter scheduling the hearing by telephone for April 6, 2007. In the letter the settlement officer advised petitioner that the issues raised in his hearing request were frivolous and that she would consider: (1) Whether respondent met the requirements of any applicable law or administrative procedure; (2) any nonfrivolous issues petitioner wished to discuss; and (3) whether petitioner owed the amount asserted as due, but only if petitioner had no prior opportunity to dispute it with the Appeals Office or did not receive a statutory notice of deficiency. In the letter the settlement officer also advised petitioner that if he wanted her to consider collection alternatives he should submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, submit a statement indicating what account resolution he was proposing, and file Federal income tax returns due for 2003, 2004, and 2005. She also warned petitioner that

the Tax Court was empowered to impose sanctions of up to $25,000 for instituting or maintaining a case primarily for delay or for taking a position that is frivolous or groundless.

Petitioner mailed the settlement officer a letter dated April 1, 2007, in which he advanced various frivolous arguments, including disputing his status as a U.S. citizen and taxpayer.

On April 6, 2007, the settlement officer conducted an equivalent hearing with petitioner.  According to the settlement officer's case activity report, during the hearing petitioner advanced only frivolous arguments and did not want to discuss a resolution.

On April 26, 2007, the Appeals Office sent petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 sustaining the notice of Federal tax lien.  The decision letter stated that petitioner had failed to raise any nonfrivolous issues, offer a reasonable collection alternative, submit the requested Form 433-A, or file delinquent tax returns. Accordingly, the Appeals Office upheld the filing of the notice of Federal tax lien.

Petitioner filed a timely petition contesting the decision letter.  In his petition petitioner stated:  "I seek an understanding of what the IRS bases * * * [its] claim upon going back to the very jurisdiction to tax an individual, if, indeed, an individual is actually liable here.  If the taxpayer is

liable, what is the nexus, if any, between me and the taxpayer * * *?"

OPINION

I.  <u>Jurisdiction</u>

Respondent now concedes, and we agree for purposes of our jurisdiction, that petitioner's hand-carried request for a hearing was timely.  See sec. 301.6091-1(b)(1), (c), Proced. & Admin. Regs.  Consequently, the decision letter he received is treated as a notice of determination.  See Craig v. Commissioner, 119 T.C. 252, 259 (2002).  As the decision letter was issued after October 16, 2006, we likewise have jurisdiction to review respondent's collection action with respect to the section 6702 penalty.[2]

II.  Collection Hearing Procedure

Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter. At the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action and possible collection alternatives.  Sec. 6330(c)(2)(A).  A

---

[2]Sec. 6330(d)(1) was amended by the Pension Protection Act of 2006 (PPA), Pub. L. 109-280, sec. 855, 120 Stat. 1019, to confer exclusive jurisdiction on this Court to review all collection actions, regardless of the tax involved, effective for determinations made 60 days after the date of enactment of the PPA (Aug. 17, 2006), or Oct. 16, 2006.  Id. sec. 855(b), 120 Stat. 1019; see also Callahan v. Commissioner, 130 T.C. 44, 48 n.4 (2008).

taxpayer may challenge the existence or amount of the underlying tax liability, but only if the taxpayer did not receive a notice of deficiency or otherwise have an opportunity to dispute the tax liability. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000). The phrase "underlying tax liability" includes the tax deficiency, additions to tax, penalties, and statutory interest. Katz v. Commissioner, 115 T.C. 329, 339 (2000).

Following the hearing the Appeals Office must issue a notice of determination concerning the proposed collection action. In making the determination the Appeals officer is required to take into consideration: (1) His verification that the requirements of applicable law and administrative procedure have been met; (2) relevant issues raised by the taxpayer; and (3) whether the proposed collection action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3). If the taxpayer disagrees with the determination, the taxpayer may seek judicial review by petitioning this Court. Sec. 6330(d).

III. Whether Petitioner May Challenge the Underlying Tax Liabilities

Respondent contends that section 6330(c)(2)(B) precludes petitioner from challenging the existence or amount of his underlying tax liabilities for 1998 through 2002 because

petitioner had a prior opportunity to dispute them.  The 2002 and 2005 notices of levy covered petitioner's unpaid taxes and penalties for all years at issue, including the frivolous return penalty for 1998.  The Forms 4340 in evidence record that signed return receipts for the notices of levy were received by respondent, and petitioner has not disputed that he received the notices of levy.  Therefore, petitioner previously had an opportunity to dispute the underlying liabilities and is precluded from doing so now under section 6330(c)(2)(B).  See Bell v. Commissioner, 126 T.C. 356, 358 (2006) ("This statutory preclusion is triggered by the opportunity to contest the underlying liability, even if the opportunity is not pursued." (Emphasis added.)).

IV.  Review of the Determination for Abuse of Discretion

Because the validity of the underlying tax liability is not properly at issue, we review the determination for abuse of discretion.  See Sego v. Commissioner, supra at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000).  In reviewing for abuse of discretion under section 6330(d)(1), generally we consider only arguments, issues, and other matters that were raised at the section 6330 hearing or otherwise brought to the attention of the Appeals Office.  Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); see also sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  However, we review whether the Appeals officer verified

compliance with applicable law under section 6330(c)(1) without regard to whether the taxpayer raised it as an issue at the Appeals hearing. Hoyle v. Commissioner, 131 T.C. 197, 202-203 (2008). The Appeals Office abuses its discretion if its "discretion has been exercised arbitrarily, capriciously, or without sound basis in fact." Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).

Petitioner has not advanced any argument or presented any evidence that would allow us to conclude that the determination to sustain the lien was arbitrary, capricious, or without foundation in fact, or otherwise an abuse of discretion. See, e.g., Giamelli v. Commissioner, supra at 112, 115. The record indicates that the only issues petitioner raised throughout the section 6330 administrative process, in his petition, and at trial were frivolous tax-protester arguments.[3] We do not address petitioner's frivolous arguments with somber reasoning and copious citations of precedent, as to do so might suggest that these arguments possess some degree of colorable merit. See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

---

[3]For example, at trial petitioner testified that he was born an American citizen but "was not born a [U.S.] taxpayer". He also testified that "the United States is a corporation" to which he holds no "allegiance", and that therefore the United States may not tax him.

Petitioner has not submitted Form 433-A or offered a collection alternative.  Given his failure to file returns for 2003, 2004, and 2005, he would in any event not be eligible to have one considered.  See Orum v. Commissioner, 412 F.3d 819, 821 (7th Cir. 2005), affg. 123 T.C. 1 (2004); Nelson v. Commissioner, T.C. Memo. 2009-108; Pavlica v. Commissioner, T.C. Memo. 2007-163; Rodriquez v. Commissioner, T.C. Memo. 2003-153; Londono v. Commissioner, T.C. Memo. 2003-99; McCorkle v. Commissioner, T.C. Memo. 2003-34.  According to respondent's decision letter, the settlement officer verified through transcript analysis that valid assessments of the underlying tax liabilities were made for all years, including the frivolous return penalty for 1998.  Petitioner has not disputed the foregoing.  Certified transcripts of account for each year are in the record, and they demonstrate compliance with assessment procedures.  We accordingly find that the settlement officer verified that all requirements of applicable law and administrative procedure were met.[4]  Further, the settlement officer concluded that the filing of the notice of Federal tax lien balanced the need for efficient collection of taxes with concerns that the collection action be no more

---

[4]Given that the underlying tax liability for 1998 is not subject to challenge in this proceeding, we have no occasion to consider whether petitioner is liable for a negligence penalty under sec. 6662(b)(1) for 1998 when respondent determined that the return he filed for that year was a frivolous return within the meaning of sec. 6702.  See Williams v. Commissioner, 114 T.C. 136, 143 (2000).

intrusive than necessary.  On the basis of the foregoing, we conclude that respondent did not abuse his discretion in sustaining the notice of Federal tax lien.

## V.   Section 6673 Penalty

Respondent filed a motion to impose a penalty under section 6673.  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever the taxpayer's position is frivolous or groundless or the taxpayer has instituted or pursued the proceeding primarily for delay.  In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.  In respondent's March 9, 2007, letter, respondent warned petitioner of the possibility of sanctions for making frivolous arguments.  The Court issued a pretrial order on December 14, 2007, that advised petitioner about section 6673(a)(1) and likewise warned of the possibility of penalties if petitioner continued to advance frivolous arguments.

Nonetheless, petitioner asserted patently frivolous arguments in his petition, in response to the Court's December

14, 2007, order, and at trial.  We accordingly shall impose a penalty of $500 on petitioner pursuant to section 6673(a)(1).

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.