T.C. Memo. 2015-20

UNITED STATES TAX COURT

TIFFANY WEI DING, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24662-13L.                    Filed February 9, 2015.

<u>Lawrence W. Luttrell</u>, for petitioner.

<u>Robert W. Mopsick</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

timely sought review pursuant to section 6330(d)(1)[1] of a notice of determination

---

[1]All statutory references are to the Internal Revenue Code as in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all dollar amounts to the nearest dollar.

**[\*2]** concerning collection action for tax years 2003, 2004, 2005, 2006, and 2007. On September 17, 2014, we granted a motion by the Internal Revenue Service (IRS or respondent) to dismiss the case as moot with respect to tax years 2006 and 2007 because after she filed her petition, petitioner fully paid her tax liabilities for those years. On September 24, 2014, respondent filed a motion for summary judgment with respect to tax years 2003, 2004, and 2005. Petitioner filed a response on December 5, 2014. We will deny respondent's motion.

## Background

We assume the following facts on the basis of the pleadings, respondent's motion for summary judgment, and the attached exhibits. These facts are stated solely for the purpose of deciding this motion for summary judgment and not as findings of fact in this case. See Fed. R. Civ. P. 52(a); Rule 1(b); Cook v. Commissioner, 115 T.C. 15 (2000), aff'd, 269 F.3d 854 (7th Cir. 2001). Petitioner resided in New Jersey when she filed her petition.

Petitioner, a real estate professional, filed late her Federal income tax returns for 2003, 2004, and 2005. On these returns she reported tax liabilities of $43,528, $29,576, and $2,682, respectively. The IRS examined those returns. Petitioner was absent from the United States during much of the examination period, caring for sick family members in China. During this time she entrusted

[*3] her affairs to Robert Klausner, a certified public accountant (C.P.A.) at Patrizio & Zhao in Parsippany, New Jersey.

The IRS ultimately proposed for 2003, 2004, and 2005 tax deficiencies of $140,350, $347,239, and $128,987, respectively, as well as accuracy-related penalties and additions to tax for late filing. On October 12, 2010, the IRS sent petitioner a notice of deficiency setting forth these adjustments. This notice was sent to petitioner at an address in Highlands, New Jersey, which evidently was her residence.

When petitioner did not petition this Court within 90 days, the IRS, on April 11, 2011, assessed the tax, penalties, and additions to tax for 2003-2005 as well as interest accrued to that date. In an effort to collect these assessed amounts, the IRS filed a notice of Federal tax lien (NFTL) and sent petitioner, on January 17, 2012, a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320. This notice was addressed to petitioner at a post office box in Navesink, New Jersey. This post office box was apparently rented by petitioner's sister, who received the notice and forwarded it to Mr. Klausner.

As petitioner's representative, Mr. Klausner timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, requesting a CDP hearing. He informed the IRS that petitioner was out of the country caring for

[*4] family members in China.  He also stated that the 2003-2005 examination had been "closed with adverse adjustments due to lack of information which occurred just after * * * [petitioner] left the country."  He stated that the missing information "would reduce the tax liability for those years significantly" and requested audit reconsideration.

The case was assigned to IRS settlement officer (SO) Wold to conduct a CDP hearing.  On August 17, 2012, SO Wold noted in her case activity record that she could not find in the IRS files any notice of deficiency issued for 2003-2005.  However, she did find a Letter 950, issued January 4, 2010, which afforded petitioner appeal rights concerning the proposed audit adjustments for 2003-2005.  SO Wold noted in her case activity record that she would "inquire why the taxpayer did not appeal the proposed adjustments by Exam when she had the opportunity."

On August 20, 2012, SO Wold conducted a face-to-face CDP hearing with Mr. Klausner and petitioner's sister, who had also filed a power of attorney.  During the hearing petitioner's representatives sought to challenge her underlying tax liabilities for 2003-2005.  They also requested a collection alternative.

SO Wold pointed out that if petitioner had neglected to pursue a prior opportunity to dispute her 2003-2005 tax liabilities, she could not challenge those liabilities at the CDP hearing.  SO Wold then produced a copy of the Letter 950

[*5] and asked why petitioner had not responded to this letter by filing a protest with IRS Appeals. Petitioner's sister stated that petitioner had not received this letter. SO Wold then informed petitioner's representatives that because she could not find a copy of any notice of deficiency in the IRS files and because petitioner had not received the Letter 950, petitioner's representatives would be permitted to challenge her underlying tax liabilities for 2003-2005 during the CDP process.

On September 17, 2012, SO Wold received a package of documents from petitioner's representatives relating to the 2003-2005 audit adjustments. The case was then assigned to Appeals Officer (AO) Kilanowski for audit reconsideration. AO Kilanowski performed a thorough review of petitioner's documentation and met with her representatives during the ensuing six months.

On March 12, 2013, AO Kilanowski prepared a report recommending substantial adjustments in petitioner's favor. He stated that a notice of deficiency had been sent for 2003-2005 but that "the taxpayer defaulted due to being out of the United States." Citing the documentation petitioner's representatives had supplied concerning her cost of goods sold, business expenses, and other items, AO Kilanowski recommended that her taxable income for 2003, 2004, and 2005, as determined by Exam, should be adjusted downward by $75,000, $282,895, and $472,179, respectively. These adjustments represented approximately 46% of the

[*6] adjustments to which petitioner's representatives contended that she was entitled. AO Kilanowski recommended that the IRS make no concession on the accuracy-related penalties or the additions to tax for late filing.

The IRS made the adjustments to petitioner's accounts as recommended by AO Kilanowski. In July 2013 SO Wold informed Mr. Klausner that, after these adjustments were made, petitioner's total balance due for 2003-2005 (including accrued interest) was $930,867. SO Wold indicated that in order for her to consider collection alternatives, petitioner would need to liquidate certain real estate holdings or obtain a loan by borrowing against those assets.

In August 2013 Mr. Klausner informed SO Wold that petitioner intended either to sell her real estate holdings or to obtain a loan, which she was attempting to negotiate from a source in China. On September 3, 2013, Mr. Klausner called SO Wold to say that he had no new information to report. At this point SO Wold concluded that the case should be closed.

On September 13, 2013, the IRS sent petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 sustaining the NFTL filing for 2003-2005. This notice was addressed to petitioner at her sister's post office box in Navesink, New Jersey. Under the caption "Summary of

**[*7]** Determination," the IRS stated that it had made the following determinations concerning petitioner's tax liabilities for 2003-2005:

> Your account has been adjusted in accordance with your audit recon-sideration for the Form 1040 returns for the tax years, 2003, 2004, [and] 2005 * * *. Your request for an installment agreement could not be granted, because your collection information statement showed that you have an inability to make monthly payments. Based on the information listed in your collection information statement, we cannot deem your account as currently not collectible, as it appears that you have equity in assets.

Petitioner timely petitioned for review of this notice of determination. Her petition seeks to challenge in two respects her underlying tax liabilities for 2003-2005. She first contends that the IRS incorrectly determined her "self employment taxes and/or capital gains taxes" for 2003-2005. She next contends that the IRS improperly determined penalties and additions to tax for these years inasmuch as "there does exist reasonable cause" for her late filings and omissions.

## Discussion

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520,

**[\*8]** (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. <u>Ibid.</u>

In seeking summary judgment, respondent contends that petitioner is precluded from challenging her underlying tax liabilities for 2003-2005 because she received a notice of deficiency but neglected to petition this Court in response. Respondent has attached to his pleadings a copy of the notice of deficiency dated October 10, 2012. Respondent has also attached to his pleadings a copy of a U.S. Postal Service Form 3877, which indicates that an article with a tracking number corresponding to that on the notice of deficiency was mailed to petitioner on October 12, 2012, at her Highlands, New Jersey, address. Thus, although the SO was initially unable to find the notice of deficiency, it now appears that a notice was timely mailed. Because petitioner did not petition this Court in response to that notice, respondent contends that she cannot challenge her underlying tax liabilities for 2003-2005. Respondent further contends that SO Wold did not abuse her discretion in declining to offer petitioner a collection alternative; that there is no genuine dispute concerning any material fact; and that the IRS is entitled to judgment as a matter of law.

[*9]   We conclude that summary judgment must be denied.  As respondent properly recognizes, for purposes of determining whether a taxpayer can raise liability under section 6330(c)(2)(B), actual receipt of the statutory notice must be determined.  See Sego v. Commissioner, 114 T.C. 604, 610-611 (2000); Tatum v. Commissioner, T.C. Memo. 2003-115.  Construing the facts of record and inferences drawn from them in the light most favorable to petitioner, we conclude that there is a genuine dispute of material fact as to whether she actually received the notice of deficiency.

The record establishes that petitioner was absent from the United States during much of the 2010 calendar year.  For that reason, she entrusted her affairs to her C.P.A., whose firm was in Parsippany, New Jersey, and to her sister, who received mail at a post office box in Navesink, New Jersey.  All notices and other communications that the IRS addressed to her sister's post office box and to her C.P.A. appear to have received prompt responses.

On the other hand, petitioner's sister informed SO Wold that petitioner never received the Letter 950.  That letter, like the notice of deficiency, was presumably mailed to petitioner's Highlands, New Jersey, address.  AO Kilanowski stated in his report that a notice of deficiency had been sent to petitioner for 2003-2005 but that "the taxpayer defaulted due to being out of the

[*10] United States." Viewing inferences from these facts in the light most favorable to petitioner, we conclude that there is a genuine dispute of fact as to whether the notice of deficiency, if mailed to her "last known address," was actually received by her.

If petitioner did receive the notice of deficiency, it would appear that she will be precluded from disputing her underlying tax liabilities for 2003-2005 even though SO Wold permitted her representatives to raise those liabilities, and even though the IRS actually adjusted them, during the CDP process. The regulations specifically address the situation where "an Appeals officer considers the merits of a taxpayer's liability in a CDP hearing when the taxpayer had previously received a statutory notice of deficiency." Sec. 301.6320-1(e)(3), Q-E11, Proced. & Admin. Regs. The regulations provide that, in this situation, any adjustment to the taxpayer's underlying tax liability will not be considered part of the notice of determination:

> In the Appeals officer's sole discretion, * * * the Appeals officer may consider the existence or amount of the underlying tax liability, or such other precluded issues, at the same time as the CDP hearing. Any determination, however, made by the Appeals officer with respect to such a precluded issue shall not be treated as part of the Notice of Determination issued by the Appeals officer and will not be subject to any judicial review. Because any decisions made by the Appeals officer on such precluded issues are not properly a part of the CDP hearing, such decisions are not required to appear in the Notice

**[\*11]** of Determination issued following the hearing.  Even if a decision concerning such precluded issues is referred to in the Notice of Determination, it is not reviewable by the Tax Court because the precluded issue is not properly part of the CDP hearing.

Id. para. (e)(3), A-E11.

We upheld the validity of this regulation in Behling v. Commissioner, 118 T.C. 572 (2002), concluding that it "presents a reasonable and 'taxpayer-friendly' approach to the collection review process reflecting 'respondent's good-faith ef-fort * * * to provide a taxpayer with a final opportunity for administrative review' of his or her tax liability."  Id. at 579 (quoting Kennedy v. Commissioner, 116 T.C. 255, 262 (2001)).  We accordingly held in Behling that "respondent's deci-sion to permit petitioner to offer information at the Appeals Office hearing rele-vant to the existence or amount of his underlying tax liability did not result in a waiver by respondent of the restriction set forth in section 6330(c)(2)(B)."  118 T.C. at 579; see also Holland v. Commissioner, T.C. Memo. 2013-205.  Unless petitioner can advance persuasive factual distinctions between her situation and the situation set forth in the regulation and in Behling, the same result would seem to follow here.  But neither party has addressed this issue, and we have no occasion to decide it now.

**[*12]** For these reasons we will deny respondent's motion for summary judgment filed September 24, 2014.

<u>An appropriate order will be issued</u>.