T.C. Memo. 2015-210

UNITED STATES TAX COURT

DENNIS M. POWERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11465-13L.                    Filed October 27, 2015.

Dennis M. Powers, pro se.

<u>Alexandra E. Nicholaides</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c) and 6330(d)(1)[1] of a determination by

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are rounded to the nearest dollar.

[*2] the Internal Revenue Service (IRS or respondent) to uphold a notice of Federal tax lien (NFTL) filing and a notice of intent to levy. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection actions was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and attached exhibits. See Rule 121(b). Petitioner resided in Michigan when he filed his petition.

Petitioner did not file a Federal income tax return for 2006 or 2007. The IRS prepared for each year a substitute for return (SFR) that met the requirements of section 6020(b). On the basis of third-party information reports, the IRS determined that petitioner had received self-employment income of $106,690 and $136,104 during 2006 and 2007, respectively. For each year the IRS allowed him the standard deduction, one personal exemption, and a deduction for one-half of the applicable self-employment tax.

Respondent prepared notices of deficiency based on the SFRs, determining tax deficiencies and penalties for 2006 and 2007. The IRS sent these notices to petitioner by certified mail on December 27 and July 5, 2011, respectively. Both

**[\*3]** notices were sent to the address appearing on petitioner's 2010 tax return, which was petitioner's last known address as shown in IRS records. Respondent attached to his motion copies of U.S. Postal Service Substitute Forms 3877 showing that articles with tracking numbers matching those on the notices of deficiency were mailed to petitioner at this address. In his petition, petitioner admits that he received the notices of deficiency. He did not petition this Court for redetermination of the deficiency for either year.

Respondent assessed the tax and penalties for 2006 and 2007. In an effort to collect these assessed liabilities, respondent delivered to petitioner, on November 28, 2012, a Notice of Intent to Levy and Notice of Your Right to a Hearing. Two weeks later, respondent sent petitioner a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.

On December 28, 2012, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. He did not explicitly request either an installment agreement or an offer-in-compromise, but he checked the box marked "I cannot pay balance." Petitioner represented on this Form that, after re-

**[*4]** ceiving the notices of deficiency, he had filed tax returns for 2006 and 2007 reporting taxable income lower than the amounts shown in those notices.[2]

On February 6, 2013, an IRS settlement officer (SO) sent petitioner a letter acknowledging receipt of the Form 12153 and scheduling a telephone CDP hearing for March 6, 2013. In this letter the SO asked petitioner to provide a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, along with supporting documents enabling her to verify income, expenses, assets, and liabilities. The letter also requested that petitioner provide signed copies of tax returns for 2006 and 2007.

On March 6 petitioner asked that the CDP hearing be postponed to March 15, and the SO granted this request. On March 15 petitioner telephoned the SO and requested a second postponement to March 22; the SO also granted this request. During that call the SO reminded petitioner that she had not received any of the documentation requested in her February 6 letter. Petitioner indicated that he would provide all of the requested documentation before March 22.

---

[2]The IRS has no record of receiving these returns. Petitioner alleges that he spoke with someone at an IRS service center who told him that his returns had "probably" been received and were in processing. Whether petitioner actually filed delinquent returns for 2006-2007 is not a material issue of fact. For purposes of this CDP proceeding, the relevant fact is that petitioner neglected to submit copies of these returns to the SO despite her repeated requests. See infra pp. 4-5, 9-10.

**[\*5]**   On March 22 petitioner and the SO participated in the telephone CDP hearing.  The SO informed petitioner that she had not received any of the documents requested in her February 6 letter.  He replied that he had placed in the mail that morning signed tax returns for 2006-2007 together with a Form 433-A and supporting financial information.

Petitioner told the SO that he wished to make arrangements to pay the reduced tax liabilities shown on the returns that he had allegedly mailed to her.  He indicated that his only income at the time consisted of Social Security benefits but that he was in the process of seeking reemployment with his former employer.  He stated his desire to defer discussion of collection alternatives until he had confirmed his employment situation.  The parties agreed that petitioner would call the SO on April 4, 2013, at 1 p.m. to continue discussion of collection alternatives.

The SO did not receive the tax returns or the Form 433-A that petitioner said he had mailed on March 22.  In his response to the summary judgment motion, petitioner states his assumption that these documents were lost in the mail.  He does not claim that he sent these documents via certified or registered mail, and he has supplied no affidavit or exhibit that would support such a claim.

Petitioner did not call in for the scheduled telephone conference on April 4, and he did not contact the SO in an effort to reschedule this conference.  The SO

**[*6]** thereupon determined that the case should be closed because petitioner had not requested a specific collection alternative and had supplied no financial information.  The SO reviewed the administrative file, verified that the tax for 2006 and 2007 had been properly assessed, and determined that all other requirements of applicable law and administrative procedure had been met.

On April 15, 2013, the IRS issued petitioner a Notice of Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 sustaining the NFTL filing and proposed levy action.  Petitioner timely petitioned this Court for review.  His petition appears to seek review of his underlying tax liabilities for 2006 and 2007, asserting that "[t]he amounts due for 2006 and 2007 are less than [those shown in] the IRS notices of deficiency."  His petition also alleges that his "sole source of income is social security and a levy of that would constitute a severe hardship" for him.  Respondent moved for summary judgment and petitioner filed a timely response to that motion.

## Discussion

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of

**[\*7]** law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. <u>Sundstrand Corp.</u>, 98 T.C. at 520. Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d). We conclude that this case is appropriate for summary adjudication.

A.    <u>Standard of Review</u>

Where the amount of a taxpayer's underlying tax liability is properly at issue in a CDP case, we review the IRS' determination de novo. <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000). Section 6330(c)(2)(B) permits a taxpayer to challenge the existence or amount of his underlying liability only if he did not receive a notice of deficiency or otherwise have a prior opportunity to contest that liability. Where the taxpayer does not or cannot dispute his underlying tax liabilities, we review the IRS' determinations regarding nonliability issues for abuse of discretion. <u>Hoyle v. Commissioner</u>, 131 T.C. 197, 200 (2008); <u>Goza</u>, 114 T.C. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or

**[\*8]** without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

The notices of deficiency for 2006 and 2007 were mailed to petitioner's last known address, and he concedes that he received these notices. He did not petition this Court within the time set by statute for redetermination of these deficiencies. See sec. 6213(a). Because petitioner had, but did not take advantage of, a prior opportunity to contest his underlying tax liabilities for both years, he was not entitled to challenge those liabilities in the CDP hearing. See sec. 6330(c)(2)(B). We accordingly review the SO's actions for abuse of discretion only.[3]

B.    Analysis

In deciding whether the SO abused her discretion in sustaining the collection action we consider whether she: (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any

_____

[3]By inviting petitioner to submit copies of tax returns for 2006-2007, the SO appeared willing to consider his underlying tax liabilities as part of a discussion of collection alternatives. Where an Appeals officer exercises her discretion to address an issue that the taxpayer is not entitled to raise during the CDP process, any decision made with respect to that issue is not part of the notice of determination and hence is not reviewable by this Court. See Ding v. Commissioner, T.C. Memo. 2015-20, at \*10; sec. 301.6320-1(e)(3), Q&A-E11, Proced. & Admin. Regs. As it was, petitioner submitted no evidence to the SO concerning his underlying tax liabilities; that issue was not properly presented to her and is not before us.

**[*9]** relevant issues petitioner raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3).

It is clear from our review of the record that the SO examined petitioner's account transcripts and verified that the requirements of applicable law and administrative procedure were followed. The SO properly balanced the need for efficient collection of taxes with petitioner's legitimate concern that collection action be no more intrusive than necessary. The only question is whether the SO properly considered any issues petitioner raised concerning his entitlement to a collection alternative.

Although petitioner told the SO that the levy would place a financial hardship on him, he did not formally request any specific collection alternative. The SO postponed the CDP hearing twice in order to accommodate petitioner and to allow him additional time in which to submit the information necessary for her to consider a collection alternative. Following the CDP hearing, she gave petitioner another two weeks to supply this information, but he failed to do so. He failed to call in for the telephone conference scheduled for April 4 and made no effort to contact the SO to request that it be rescheduled. An Appeals officer does not

**[\*10]** abuse her discretion when she does not "take into account information that she requested and that was not provided in a reasonable time." Murphy, 125 T.C. at 315.

Petitioner asserts that he mailed the requested information to the SO on March 22 and speculates that it "was lost in the mail." He does not claim that he sent these documents via certified or registered mail, and he has supplied no affidavit or exhibit that would support such a claim. The taxpayer generally bears the risk of nondelivery when a tax return or other document, which was not sent by registered or certified mail, is lost by the U.S. Postal Service. See Walden v. Commissioner, 90 T.C. 947, 951 (1988). Petitioner's unsupported allegation that he mailed this information is insufficient to create a genuine dispute of material fact. See Rule 121(d).

The SO made repeated requests for petitioner's tax returns and financial information and waited a sufficient period to review these documents before closing the file. "No statutory or regulatory provision requires that taxpayers be afforded an unlimited opportunity to supplement the administrative record." Roman v. Commissioner, T.C. Memo. 2004-20, 87 T.C.M. (CCH) 835, 837. Especially is that so where (as here) the record "is replete with explicit deadlines that respondent generously extended for petitioner's benefit." Ibid. We find that

[*11] the SO did not abuse her discretion by declining to offer petitioner a collection alternative when he did not put any specific proposal on the table, did not submit the necessary financial information, and did not call in for or seek to reschedule the telephone conference during which collection alternatives were supposed to be discussed.  See Morlino v. Commissioner, T.C. Memo. 2005-203, 90 T.C.M. (CCH) 168, 172.

To reflect the foregoing,

An appropriate order and decision will be entered.