T.C. Memo. 2016-94

UNITED STATES TAX COURT

CHRISTOPHER DEAN BAILEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24694-14L.                        Filed May 10, 2016.

Christopher Dean Bailey, pro se.

<u>Jordan S. Musen</u> and <u>Steven Mitchell Roth</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review, pursuant to sections 6320(c) and 6330(d)(1),[1] of the determination

by the Internal Revenue Service (IRS or respondent) to uphold a notice of Federal

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all dollar amounts to the nearest dollar.

[*2] tax lien (NFTL) filing and a notice of intent to levy. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection actions was proper as a matter of law. We agree and accordingly will grant the motion.

Background

The following facts are based on the parties' pleadings and respondent's motion, including the attached affidavits and exhibits. See Rule 121(b). Petitioner resided in California when he filed his petition.

Petitioner has not filed a Federal income tax return for any year between 2004 and 2013. For the 2009 tax year the IRS prepared a substitute for return (SFR) that met the requirements of section 6020(b). On the basis of the SFR, respondent mailed a notice of deficiency for 2009 to petitioner's last known address. Petitioner did not seek redetermination of the deficiency in this Court, and, on December 9, 2013, the IRS assessed the tax for 2009. As of August 2015, petitioner's assessed tax liability for 2009 was $424,252.

In an effort to collect this outstanding liability, the IRS sent petitioner, in March 2014, final notices of levy and Federal tax lien filing. On April 1, 2014, petitioner timely requested a CDP hearing, asking that the IRS withdraw the NFTL

[*3] and consider a collection alternative in the form of an installment agreement or an offer-in-compromise. Petitioner included an attachment on which he asserted that "[t]he tax liability is not correct." He did not explain the basis for this claim.

Upon receiving petitioner's case, a settlement officer (SO) from the IRS Appeals Office reviewed the administrative file and confirmed that the tax liability for 2009 had been properly assessed and that all other requirements of applicable law and administrative procedure had been met. On July 9, 2014, the SO sent petitioner a letter scheduling a telephone CDP hearing for July 31, 2014. The SO informed petitioner that to be eligible for consideration of a collection alternative, he needed to supply a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and file delinquent tax returns for 2010, 2011, 2012, and 2013. To afford petitioner additional time to submit these documents, his representative requested that the hearing be postponed to August 15, 2014. The SO granted that request.

On August 14, 2014, petitioner submitted an installment agreement proposing to discharge his 2009 tax liability by paying $200 per month. He also submitted a Form 433-A with limited financial information and copies of bank statements that showed only cash deposits and withdrawals. He did not provide

[*4] the SO with any of the requested tax returns. The SO reviewed this submission in connection with other data about petitioner's financial situation and concluded that the information submitted reflected a "lack of financial transparency."

On August 15, 2014, the SO held a telephone CDP hearing with petitioner's representative; petitioner did not participate in this call. The SO indicated that petitioner was not eligible for a collection alternative because he was delinquent in his Federal tax filing obligations and because his Form 433-A did not include sufficient financial information to permit the IRS to evaluate collection alternatives. Petitioner's representative did not raise any challenge to petitioner's underlying tax liability for 2009; did not dispute the SO's conclusions; and stated that he understood the reason for petitioner's ineligibility. The SO closed the case one month later after receiving no further communications from petitioner's representative. On September 17, 2014, the IRS issued petitioner a notice of determination concerning collection action sustaining the NFTL and the proposed levy.

On October 17, 2014, petitioner timely petitioned this Court for review of the notice of determination. His petition appears to seek review of his underlying tax liability for 2009 by asserting that "[t]he IRS does not have all the information attributable to the sale of a property I owned." But he does not dispute receiving

**[\*5]** the notice of deficiency for 2009.  He alleges that he was unable to comply with the SO's information requests because his representative did not sufficiently communicate the relevant deadlines to him.

On July 23, 2015, respondent filed a motion for summary judgment. Respondent attempted service on petitioner at a post office box address in Camarillo, California, the address on his petition.  On July 28, 2015, the Court ordered petitioner to respond to the motion for summary judgment by August 28, 2015, and served petitioner at his post office box address.  This order was returned to the Court as undeliverable by the U.S. Postal Service.

On September 1, 2015, the Court changed petitioner's address of record to an address on Murray Avenue in Camarillo, California.  On September 11, 2015, respondent re-served the motion for summary judgment on petitioner at that address.  On September 29, 2015, to ensure that petitioner had sufficient time to respond to the motion for summary judgment, the Court ordered a new deadline of October 21, 2015, for his response.  This order advised petitioner that "under Tax Court Rule 121(d), judgment may be entered against a party who fails to respond to a Motion for Summary Judgment."  Petitioner did not respond to this Court's order and has not otherwise responded to respondent's motion for summary judgment.

**[*6]** <u>Discussion</u>

A.     <u>Summary Judgment</u>

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. <u>Ibid.</u> However, the nonmoving party "may not rest upon the mere allegations or denials" in his pleadings but instead "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d); <u>see</u> <u>Sundstrand Corp.</u>, 98 T.C. at 520.

Because petitioner failed to respond to the motion for summary judgment, the Court could enter a decision against him for that reason alone. <u>See</u> Rule 121(d). We will nevertheless consider the motion on its merits. We conclude that there are no material facts in dispute and that this case is appropriate for summary adjudication.

**[*7]** B.     Standard of Review

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. The general parameters for such review are marked out by our precedents. Where the validity of the underlying tax liability is at issue, the Court reviews the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying tax liability is not at issue, the Court reviews the IRS' decision for abuse of discretion. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

A taxpayer may dispute his underlying tax liability in a CDP case only if he did not receive a notice of deficiency or otherwise have a prior opportunity to contest that liability. Sec. 6330(c)(2)(B). Petitioner has not disputed receiving the notice of deficiency that the IRS sent him for 2009. Because he had, but did not take advantage of, a prior opportunity to contest his 2009 tax liability, he was not entitled to challenge that liability at the CDP hearing. See sec. 6330(c)(2)(B); Powers v. Commissioner, T.C. Memo. 2015-210, at *8. In any event, petitioner did not present at that hearing any evidence concerning his 2009 tax liability and,

**[\*8]** for that reason as well, is precluded from pursuing that issue here.  See, e.g.,

Pough v. Commissioner, 135 T.C. 344, 349 (2010); Lunnon v. Commissioner,

T.C. Memo. 2015-156, at \*15 (noting that a taxpayer does not properly raise an

issue if he fails to present any evidence to the IRS Appeals Office with respect to

that issue after being given a reasonable opportunity to do so).  We accordingly

review the SO's actions for abuse of discretion only.

C.     Analysis

In deciding whether the SO abused his discretion in sustaining the collec-

tion actions we consider whether he:  (1) properly verified that the requirements of

any applicable law or administrative procedure have been met; (2) considered any

relevant issues petitioner raised; and (3) considered whether "any proposed col-

lection action balances the need for the efficient collection of taxes with the

legitimate concern of \* \* \* [petitioner] that any collection action be no more

intrusive than necessary."  See sec. 6330(c)(3).

This Court has authority to review satisfaction of the verification require-

ment regardless of whether the taxpayer raised that issue at the CDP hearing.  See

Hoyle v. Commissioner, 131 T.C. 197, 200-203 (2008).  But petitioner did not

allege in his petition that the SO failed to satisfy this requirement, and that issue is

therefore deemed conceded.  See Rule 331(b)(4) ("Any issue not raised in the as-

**[*9]** signments of error shall be deemed to be conceded."); <u>Triola v.</u>

<u>Commissioner</u>, T.C. Memo. 2014-166, at *9-*10; <u>Dinino v. Commissioner</u>, T.C.

Memo. 2009-284, 98 T.C.M. (CCH) 559, 564.  In any event, even if petitioner had

properly preserved this issue, he has set forth no specific facts showing that there

is a genuine issue for trial concerning the propriety of the assessment for 2009.  It

is clear from our review of the record that the SO conducted a thorough review of

the transcripts of petitioner's account and verified that the requirements of

applicable law and administrative procedure were followed.

A taxpayer in a CDP proceeding has the right to request a collection alterna-

tive, such as an installment agreement.  <u>See</u> sec. 6330(c)(2)(A)(iii).  This right,

however, carries with it certain obligations on the taxpayer's part.  As provided in

the regulations, "[t]axpayers will be expected to provide all relevant information

requested by * * * [the SO], including financial statements."  Sec. 301.6330-

1(e)(1), Proced. & Admin. Regs.  A taxpayer must also be in full compliance with

his Federal tax filing obligations in order to be eligible for a collection alternative.

<u>See</u> <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111-112 (2007) (finding that SO's

reliance on IRM provision requiring consideration of filing compliance was not an

abuse of discretion); Internal Revenue Manual (IRM) pt. 5.14.1.4.1 (Mar. 4, 2011)

(current version at IRM pt. 5.14.1.4.2 (Sept. 19, 2014)) ("Filing and paying

**[*10]** compliance must be considered prior to determining that the best manner of paying delinquent taxes is through an installment agreement.").

The SO initially gave petitioner three weeks to submit delinquent tax returns for 2010, 2011, 2012, and 2013 and a Form 433-A to enable the SO to consider collection alternatives. Petitioner's representative requested additional time to submit these documents; the SO granted that request and postponed the CDP hearing for two weeks for this purpose. Although petitioner proposed an installment agreement, he failed to submit the required tax returns, and the financial information in his Form 433-A was substantially incomplete. Having already given petitioner one extension of time (for a total of five weeks) to submit these documents, the SO would not have been required to give petitioner additional time even if he had requested it, which he did not.

We have consistently held that it is not an abuse of discretion for a settlement officer to reject a collection alternative where the taxpayer has failed, after being given sufficient opportunities, to supply the SO with the required financial information. See Hawkins v. Commissioner, T.C. Memo. 2015-245, at *9; Maselli v. Commissioner, T.C. Memo. 2010-19, 99 T.C.M. (CCH) 1089, 1092; Roman v. Commissioner, T.C. Memo. 2004-20, 87 T.C.M. (CCH) 835, 838. It is likewise not an abuse of discretion for the IRS to decline to consider a collection alternative

**[\*11]** where the taxpayer is not in compliance with his tax return filing obligations. See, e.g., <u>Rodriguez v. Commissioner</u>, T.C. Memo. 2003-153, 85 T.C.M. (CCH) 1414, 1417 ("[The] decision not to process an offer in compromise or a proposed collection alternative from taxpayers who have not filed all required tax returns is not an abuse of discretion.").

Petitioner alleges in his petition that he did not provide the SO with the requested information because his representative did not communicate the relevant deadlines to him. When a taxpayer is represented, communications to that representative generally constitute notice to the taxpayer. <u>Brinkman v. Commissioner</u>, T.C. Memo. 1989-217, 57 T.C.M. (CCH) 331, 333. The SO dealt with petitioner's representative at all stages of the proceeding and had no reason to believe that it would have been appropriate to communicate with petitioner directly. Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection actions.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.