T.C. Summary Opinion 2016-38

UNITED STATES TAX COURT

ROBERT CARTER, JR. AND LOLA CARTER, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21915-15S L.                    Filed August 8, 2016.

Robert Carter, Jr., and Lola Carter, pro se.

Ardney J. Boland, III, for respondent.

SUMMARY OPINION

THORNTON, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]

--------

[1]All section references are to the Internal Revenue Code in effect at all relevant times.  We round all monetary amounts to the nearest dollar.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In this collection due process (CDP) case petitioners seek review pursuant to sections 6320(c) and 6330(d)(1) of the determination by the Internal Revenue Service (IRS or respondent) to uphold a notice of Federal tax lien (NFTL) filing relating to petitioners' unpaid Federal income tax liability for 2010. The issues for decision are whether petitioners are permitted to dispute their underlying liability for 2010 and whether the IRS abused its discretion in sustaining the collection action.

## Background

The parties have stipulated some facts. We incorporate the stipulation of facts and the accompanying exhibits by this reference. Petitioners resided in Louisiana when they petitioned the Court.

Petitioners filed their Federal income tax return for 2010 late and reported their tax liability as zero, claiming charitable contribution deductions, a deduction for the business use of their home, and $473,309 in casualty or theft loss deductions. The IRS selected petitioners' return for examination. On July 24, 2013, the IRS mailed to petitioners' last known address, which is the same address listed on the petition, a notice of deficiency determining that petitioners were not

entitled to deductions for charitable contributions, the business use of their home, or eight separate casualty or theft losses. The notice of deficiency determined a deficiency of $18,671 and a section 6662(a) accuracy-related penalty of $3,734. Petitioners received the 2010 notice of deficiency but did not petition the Tax Court for redetermination.

On June 2, 2014, the IRS assessed the tax, accuracy-related penalty, and interest. In an effort to collect these assessed amounts, on December 9, 2014, the IRS sent petitioners a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. Petitioners timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing. In their request petitioners did not seek a collection alternative. Rather, they argued that the assessment for 2010 was incorrect.[2]

On April 9, 2015, the Office of Appeals (Appeals) mailed petitioners a letter offering a face-to-face hearing and requesting any information or evidence that petitioners planned on submitting for consideration. Appeals also assigned petitioners' case to a settlement officer (SO). On May 14, 2015, the SO mailed

---

[2]In their request for a CDP hearing petitioners also raised arguments with respect to their 2009 taxable year, stating that it should have been included in the NFTL. It was not included in the NFTL; therefore, it was not properly at issue in the CDP hearing. See sec. 301.6320-1(e)(1), Proced. & Admin. Regs.

petitioners a letter scheduling a telephone CDP hearing for June 18, 2015. The letter also requested documentation to support their dispute of the underlying liability and to comply with the requirements for collection alternatives. Petitioners were again offered a face-to-face hearing or a correspondence hearing.

The SO was unable to verify that petitioners had received the notice of deficiency and determined that they could dispute their underlying liability. On June 18, 2015, when the SO called petitioners for their scheduled CDP hearing, they were unavailable; she left a message informing them that she would follow up with a letter and providing her telephone number for a return call. There is no indication that petitioners responded to her message. The SO mailed petitioners a followup letter providing an additional 14 days to either contact her or submit any supporting documentation regarding the disputed liability. Petitioners neither responded to the SO nor submitted any documentation in response to her letter.

After the additional 14 days, the SO waited another four weeks for a response. But having requested on multiple occasions and through multiple mediums of communication documentation supporting petitioners' dispute of their underlying liability and having received no substantive response[3]--much less any

---

[3]The only document petitioners provided was a copy of a fax addressed to a case advocate at the Taxpayer Advocate Service.

of the requested information--the SO sustained the proposed collection action. On July 31, 2015, Appeals issued to each petitioner a Notice of Determination Concerning Collection Action Under Section 6320 and/or 6330 concerning their income tax liability for taxable year 2010. Petitioners timely sought review in this Court.

Petitioners made three assignments of error in their petition: (1) frivolous return penalties relating to their taxable year 2011; (2) the disallowed casualty or theft loss deductions claimed on their 2010 Federal income tax return; and (3) the propriety of the IRS audits of their 2010 return.[4]

## Discussion

In reviewing an IRS administrative determination in a CDP case, if the underlying tax liability is properly in dispute, the Court reviews that issue de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Other matters the Court reviews for abuse of discretion by the IRS. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

---

[4]On January 26, 2016, respondent filed a motion to dismiss for lack of jurisdiction the portions of this case that relate to the assessed frivolous return penalties for 2011. We granted this motion on March 17, 2016.

Taxpayers may dispute their underlying tax liability in a CDP case only if they did not receive a notice of deficiency or otherwise have a prior opportunity to contest that liability.  Sec. 6330(c)(2)(B).  Although the SO could not determine whether petitioners had received a notice of deficiency, we have found on the basis of the record that petitioners did in fact receive it.

Respondent provided to the Court a copy of the properly completed U.S. Postal Service Form 3877, showing that the notice of deficiency was sent by certified mail to petitioners' last known--and current--address on July 24, 2013.[5] A properly completed Form 3877 reflecting the timely mailing of a notice of deficiency to a taxpayer at the taxpayer's last known address by certified mail, absent evidence to the contrary, establishes that the notice was properly mailed to the taxpayer.  United States v. Ahrens, 530 F.2d 781, 784 (8th Cir. 1976) ("The form [3877] is considered highly probative evidence that the notice of deficiency was sent to the addresses specified."); Coleman v. Commissioner, 94 T.C. 82, 90-91 (1990).  Furthermore, compliance with Form 3877 mailing procedure raises a presumption of official regularity in favor of the Commissioner.  See Coleman v. Commissioner, 94 T.C. at 91.  If the presumption is raised and the taxpayer does

---

[5]The parties stipulated that "respondent issued a Notice of Deficiency to petitioners for the taxable year 2010" and that "the PS Form 3877 * * * was completed when * * * [the stipulated notice] was mailed to petitioners."

not rebut the presumption, the Court may find that the taxpayer received the notice of deficiency, thus precluding challenges to the underlying liability under section 6330(c)(2)(B).  See, e.g., Sego v. Commissioner, 114 T.C. 604, 611 (2000); Clark v. Commissioner, T.C. Memo. 2008-155.

Because respondent introduced into evidence the properly completed Form 3877, he is entitled to rely upon presumptions of official regularity and delivery. See Sego v. Commissioner, 114 T.C. at 611.  Petitioners have not seriously disputed receiving the notice of deficiency.[6]  And there is no evidence that the notice was returned to respondent.  Thus, the presumptions of official regularity and delivery have not been rebutted.  See Bailey v. Commissioner, T.C. Memo. 2005-241.  "Where the presumption is raised, and not rebutted with contrary evidence, we may find that the taxpayer received the notice of deficiency and that challenges to the underlying tax liability are precluded".  Venhuizen v.

---

[6]Mr. Carter testified at trial that "[he couldn't] look at a letter and know whether or not * * * [he] received it"; that "all * * * [of respondent's correspondence] look[s] the same"; and that "[he] ha[d] no intentions of saying that * * * [he] didn't receive any of this stuff.  * * * [He didn't] know if it was in there or not."  Mrs. Carter testified that "mail came through, but * * * [she] just * * * [couldn't] say with 100 percent accuracy that that is something that * * * [she] saw" and that "[she couldn't] say that * * * [she didn't see it] either."  Petitioners further testified about their poor recordkeeping, misplaced documents, and family events which might have distracted them.  But they did not provide any evidence to support their vague assertion of nonreceipt.

Commissioner, T.C. Memo. 2012-270, at *10-*11 (noting that a taxpayer's vague statement regarding possible nonreceipt of the notice of deficiency was insufficient to negate the presumption that the notice was properly issued).

We accordingly find that petitioners received the July 24, 2013, notice of deficiency for taxable year 2010. See Diamond v. Commissioner, T.C. Memo. 2012-90, slip op. at 9 ("The record contains no credible evidence to rebut the presumption that the notice was properly mailed to petitioner. At the hearing petitioner did not unequivocally deny that he received the notice of deficiency, and his testimony that he does not have a copy of the notice or remember signing for it is not enough to rebut the presumption afforded respondent. Thus, we find that petitioner received the notice of deficiency[.]"). Because they had, but did not take advantage of, a prior opportunity to contest their 2010 tax liability, they were not entitled to challenge that liability at the CDP hearing, and likewise they are not entitled to challenge it in this proceeding. See sec. 6330(c)(2)(B); Bailey v. Commissioner, T.C. Memo. 2016-94, at *7.

In any event, petitioners failed to participate in their CDP hearing in any meaningful way: They did not submit any of the requested documentation; they did not answer the SO's telephone call or return her message; and they did not

respond to any of the SO's letters.[7]  Petitioners have therefore failed to present any claim that we can review.  See Giamelli v. Commissioner, 129 T.C. 107, 115-116 (2007); Magana v. Commissioner, 118 T.C. 488, 493-494 (2002).  For that reason as well, they are precluded from challenging their underlying liability in this proceeding.[8]  See, e.g., Pough v. Commissioner, 135 T.C. 344, 349 (2010); Lunnon v. Commissioner, T.C. Memo. 2015-156, at *15 (noting that a taxpayer does not properly raise an issue if he fails to present any evidence to Appeals with respect to that issue after being given a reasonable opportunity to do so), aff'd, __ F. App'x __, 2016 WL 3397578 (10th Cir. June 14, 2016).  We accordingly

---

[7]Mrs. Carter testified that the telephone number called by the SO was hers; that around the time of that call, petitioners' youngest son was getting married; that "there w[ere] a lot of things going on"; and that "if indeed a voicemail was left, * * * [she] did not go back and retrieve it."

[8]The SO could not verify petitioners' receipt of the notice of deficiency and invited petitioners to challenge their underlying liability for 2010 and submit documents to support their claim of $473,309 in casualty or theft loss deductions. Although the SO appeared willing to consider their underlying tax liability, that decision does not require a de novo review.  Where an Appeals officer exercises her discretion to address an issue that the taxpayer is not entitled to raise during the CDP process, any decision made with respect to that issue is not part of the notice of determination and hence is not reviewable by this Court.  See Ding v. Commissioner, T.C. Memo. 2015-20, at *10; sec. 301.6320-1(e)(3), Q&A-E11, Proced. & Admin. Regs.  In any event, petitioners submitted no evidence to the SO concerning these losses; that issue was not properly presented to her and is not properly before us.

review the SO's actions for abuse of discretion only.  See Goza v. Commissioner, 114 T.C. at 182.

In deciding whether the SO abused her discretion in sustaining the collection actions we consider whether she:  (1) properly verified that the requirements of any applicable law or administrative procedure have been met; (2) considered any relevant issues petitioners raised; and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioners] that any collection action be no more intrusive than necessary."  See sec. 6330(c)(3).

The record shows that the SO analyzed the transcript of petitioners' account and verified that the requirements of applicable law and administrative procedure were followed.  The SO stated in her case activity report that she had reviewed petitioners' account transcript and confirmed that the "assessment was properly made" and that "the IRS met all applicable requirements of law & administrative procedures".

We find that, in sustaining the proposed collection action, the SO properly balanced "the need for the efficient collection of taxes with the legitimate concern of * * * [petitioners] that any collection action be no more intrusive than necessary."  See id.  Petitioners did not request a collection alternative, and they did not

submit the financial information required for consideration of a collection alternative.

Once taxpayers have been given a reasonable opportunity for a hearing but fail to avail themselves of it, the Commissioner may proceed to make a determination on the basis of the case file. See, e.g., Oropeza v. Commissioner, T.C. Memo. 2008-94, aff'd, 402 F. App'x 221 (9th Cir. 2010); Taylor v. Commissioner, T.C. Memo. 2004-25, aff'd, 130 F. App'x 934 (9th Cir. 2005). On the record before us, we conclude that petitioners were given a reasonable opportunity for a hearing but failed to avail themselves of it. Finding no abuse of discretion in any respect, we will sustain the IRS' determination to uphold the collection action. To reflect the foregoing,

Decision will be entered for respondent.